# Borough of Sykesville v. City of DuBois

*Robert M. Hanak* and *Querino R. Torretti,* for plaintiff.

*Edward V. Cherry,* for defendant.

REILLY, *J.*, November 23, 1981—Plaintiff, Borough of Sykesville, Jefferson County, Pennsylvania, has purchased its water from the defendant, City of DuBois, Clearfield County, Pa., under a series of contracts dated back to 1934. Between February 24, 1975 and January 1, 1978 inclusive, the agreement between the parties called for payment for said water at the rate of fifty cents per 1,000 gallons flowing through a specified meter within the City of DuBois, said rate to be in effect for the first 300,000 gallons used per day. Any gallonage supplied to plaintiff above that figure was to be billed at a rate of one dollar per 1,000 gallons.

Defendant, City of DuBois, has enacted an ordinance which governs the sale of water to all its customers except plaintiff, Borough of Sykesville, and the Sandy Township Water Company (also known as Slab Run). This ordinance, DuBois Ordinance No. 1257 (plaintiff's Exhibit No. 2) provides for a sliding scale rate wherein less is paid for 1,000 gallons as the amount of water consumed increases. As an example, while the party consuming 700,000 gallons of water per quarter would pay an effective rate of seventy cents per 1,000 gallons, a consumer using over 10,000,000 gallons would pay only fifty cents per 1,000 gallons.

Upon expiration of the most recent contract between the parties, negotiations for a new agreement commenced. At that time the City of DuBois demanded an increase in payment to reflect seventy cents per 1,000 gallons up to 300,000 gallons per day with the overage charge to remain at $1.00 per 1,000 gallons. The Borough of Sykesville requested that it be charged under the ordinance cited above, arguing that because the Borough consumes approximately 65,000,000 gallons of water per year, it would, therefore, save itself a considerable amount of money. The City of DuBois refused and this action in equity followed seeking injunctive relief. This court has been asked to determine whether the contract proposed by defendant, City of DuBois, is discriminatory and/or unreasonable, and if so, what the correct billing rate should be. This court is of the opinion that the proposed contract is neither discriminatory or unreasonable.

A municipality supplying water or electricity to those outside its boundaries acts in a private capacity although it would be given wide discretion in determining the rates to be charged, a municipality's

decision can be questioned by the courts when determined to be unreasonable or discriminatory. American Aniline Products v. City of Lock Haven, 288 Pa. 420, 135 A. 726 (1927); Barnes Laundry v. City of Pittsburgh, 266 Pa. 24, 109 A. 535 (1920).

In determining rates to be charged, a municipality may distinguish between parties within the municipality and those without. Borough of Ambridge v. Pa. Public Utility Comm., 137 Pa. Superior Ct. 50, 8 A. 2d 429 (1939). However, no distinction may be made between those applying for service "under like conditions." Reigle v. Smith, 287 Pa. 30, 134 A. 380 (1926). The Commonwealth Court of Pennsylvania has suggested several classifications that can be used in determining whether several customers applying for service do so "under like conditions." Those classifications include: The quantity of (service) used, the nature of the use, the time of the use, the pattern of the use, or . . . differences of conditions of service or cost of service.

Philadelphia Suburban Transportation Co. v. Public Utility Commission, 3 Pa. Commonwealth Ct. 184, 281 A. 2d 179 (1971), cited in U.S. Steel Corp. v. Com. of Pa., Public Utility Comm., 37 Pa. Commonwealth Ct. 195, 390 A.2d 849, 855 (1978).

In the instant case, an analysis of the facts reveals that the City of DuBois is not discriminating against the Borough of Sykesville in invoking the new water rates. Sykesville bears the closest overall similarity to the Sandy Township Water Company as both purchased water for resale to their own customers. Both receive their water and assume responsibility for it at meters within the City of DuBois and both are municipal corporations. Clearly, on those bases, both the Borough of Sykesville and Sandy Township can be grouped together

in one classification. No other DuBois customer fits the above description. Therefore, if the City of DuBois wishes to set a different rate for these two customers, it may legitimately do so.

Therefore, it only remains for this court to determine whether plaintiff, Borough of Sykesville, is being distinguished from Sandy Township in an unjustly discriminatory fashion. The record indicates that no such discrimination is present. Sandy Township consumes approximately 12,000,000 gallons of water a year, defendant's Exhibit (A) and pays on a separate contract under a sliding scale rate with an effective rate of seventy-three cents per 1,000 gallons of water. The proposed flat rate for plaintiff, Borough of Sykesville, is seventy cents per 1,000 gallons. Therefore, while both plaintiff, Borough of Sykesville, and Sandy Township may be paying under contracts, their effective rates are virtually the same, and indeed, plaintiff's effective rate is, less than that of Sandy Township.

Therefore, this court cannot find that plaintiff has suffered discrimination in the setting of its water rates and enters the following

ORDER

Now, November 23, 1981, following hearing into the above-captioned matter, it is the Order of this court that plaintiff's complaint for injunctive relief be and is hereby dismissed.